UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE WILLIAMS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. C08-5306FDB

ORDER DENYING PETITION PURSUANT TO 28 U.S.C. 2255

Petitioner Williams was indicted for being a felon in possession of a firearm and ammunition; the indictment included notice that Petitioner faced Armed Career Criminal penalty provisions. The undersigned took the plea on stipulated facts at a hearing where Petitioner was represented by Attorney Anthony Savage. Following the plea, Petitioner became unhappy with his representation because he took issue with his being an Armed Career Criminal and fired Anthony Savage; then he fired Attorney Karen Unger with respect to the Armed Career Criminal issue. Then Petitioner tried to get Paula Olson to renegotiate his plea without his having to give up the security of facing only a 10-year sentence, as agreed to in his 11 (c)(1)(C) agreement, as he faced a minimum of 15 years without the plea. The United States opposed this attempt arguing that Williams had a choice: either move to withdraw his plea (and then renegotiate), or proceed with his sentencing; at the same time,

ORDER - 1

the United States provided authority rebutting his Armed Career Criminal argument (that two of his convictions for violent felonies had been for "attempted" crimes, and that he did not qualify as an Armed Career Criminal).

On the day of sentencing, October 18, 2007, Williams asked his new lawyer to withdraw his Armed Career Criminal Motion and to proceed with sentencing pursuant to his plea agreement. The Court questioned Williams on whether he truly wished to withdraw his motion and proceed with sentencing, and the Court also questioned Williams about the pain medication he was taking, but he assured the Court that the medication was not affecting his thought processes and that he was ready for sentencing.

Petitioner Williams brings this 2255 petition arguing ineffective assistance of counsel in that (1) counsel failed to file a motion to predetermine his status as an Armed Career Criminal; (2) for failing to move for a competency hearing before being allowed to enter his plea; and (3) for failing to correct the defendant when he told the court that he was not under the influence of prescription drugs.

To establish a claim of ineffective assistance of counsel, Petitioner must show both that his counsel was deficient and that he was prejudiced by the alleged deficiency. *Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner Williams has failed to establish ineffective assistance of counsel. As to the Armed Career Criminal issue, under Fed. R. Crim. P. 11, it is required that he first withdraw his plea if he wanted a court ruling on his status as an Armed Career Criminal. Once the United States produced authority show that Petitioner was indeed a career criminal, Petitioner withdrew his motion. Petitioner made his decisions throughout the process from plea to sentence: he decided to plead guilty, his decided to file the Armed Career Criminal Motion and to withdraw it, he decided not to withdraw his plea, and he decided to accept the deal negotiated by Anthony Savage. The Court

ORDER - 2

concludes that none of Petitioners lawyers performed deficiently as to the Armed Career Criminal issue.

On the competence issue, Williams contends that Attorney Savage should have moved to have his competence determined. This argument presumes Williams was incompetent. While it is noted that Williams might have been obstreperous, this in itself does not indicate incompetence and neither does violent criminal behavior by itself. The Court cannot conclude that Williams' behavior should have suggested to his legal counsel that he was incompetent. Williams had a marked stubbornness as to the Armed Career Criminal issue and an understanding of an earlier argument made on that issue. Petitioner wrote a coherent letter to the Court asking for leniency, he spoke about his behavior at the detention center and apologized for it. The record also reveals that he fully understood the events leading up to his plea. Under all the circumstances revealed in the record, the Court cannot conclude that Williams was incompetent and that his legal counsel was ineffective in failing to move to have Williams competency determined.

NOW, THEREFORE, IT IS ORDERED: Petitioner Williams Motion pursuant to 28 U.S.C. 2255 is DENIED.

DATED this 11th day of August, 2008.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3